IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

HALL TANK COMPANY, LLC                                                    PLAINTIFF

v.                                  Case No. 4:12-cv-00039-KGB

BRYANT FUEL AND POWER SYSTEMS, INC.;
BRYANT FUEL TECHNOLOGIES, INC.                                  DEFENDANTS

## ORDER

Before the Court is a counterclaim filed on July 23, 2012, by separate defendant Bryant Fuel and Power Systems, Inc. ("Bryant Fuel and Power Systems") (Dkt. No. 11). Plaintiff Hall Tank Company, LLC ("Hall Tank"), filed a motion to strike the counterclaim on August 27, 2012 (Dkt. No. 16). On that same day, Hall Tank filed an answer to the counterclaim, asserted affirmative defenses, and demanded a trial by jury (Dkt. No. 18). On October 4, 2012, Bryant Fuel and Power Systems filed a motion for leave to file an amended answer and counterclaim (Dkt. No. 26). For good cause shown, Bryant Fuel and Power Systems' motion for leave to file an amended answer and counterclaim is granted (Dkt. No. 26). Hall Tank's motion to strike the counterclaim is denied as moot (Dkt. No. 16).

Hall Tank moves to strike the counterclaim for several reasons, contending that a stand-alone counterclaim is not a recognized pleading under the Federal Rules of Civil Procedure, that filing a proper counterclaim would have required Bryant Fuel and Power Systems to obtain leave of the Court prior to filing which it did not, and that the Court should not now permit Bryant Fuel and Power Systems leave to file its counterclaim because the deadline for doing so under the scheduling order passed and Hall Tank would be prejudiced by such a filing. As an initial matter, the Court notes that July 23, 2012, the date the stand-alone counterclaim was filed was the last day under the Court's scheduling order to amend the pleadings.

Federal Rule of Civil Procedure 15(a) governs the pretrial amendment of pleadings and states that, where an amendment is not sought as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even under this liberal standard, however, parties do not have an absolute right to amend their pleadings. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). A court may deny leave to amend under Rule 15 if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc*., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted). Here, there is no evidence or allegation of bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment. Hall Tank contends there has been undue delay and that it will be prejudiced if the counterclaim is permitted. For the reasons that follow, this Court rejects these arguments.

This Court's analysis does not end with Rule 15. Where the proposed amendment implicates a scheduling-order deadline, the Court must also examine Federal Rule of Civil Procedure 16(b). Rule 16 provides that, except in categories of actions exempted by local rule, the district judge must issue a scheduling order which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"'If a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.'" *Sherman v. Winco Fireworks Inc.,* 532 F.3d 709, 716 (8th

Cir. 2008) (quoting *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008)).  "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Id.* (citing *Popoalii,* 512 F.3d at 497).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (internal citations and quotations omitted).  The Court "will not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.  Instead, the Court will "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.*  Where there has been "no change in the law, no newly discovered facts, or any other changed circumstance. . . after the scheduling deadline for amending pleadings," then this Court may conclude that the moving party has failed to show good cause. *Id.* at 718.

Bryant Power and Fuel Systems' stand-alone counterclaim filed July 23, 2012 was improper in form. Fed. R. Civ. P. 7(a).[1]  Despite this, the Court determines that Bryant Power and Fuel Systems was diligent in attempting to meet the scheduling order's deadline for amendments because the counterclaim was filed on the last day to amend pleadings under the scheduling order.  For this reason, the Court concludes Bryant Power and Fuel Systems has demonstrated good cause under Rule 16, and the Court will next consider alleged prejudice to the nonmoving party.

---

[1]  Bryant Power and Fuel Systems contends that, under Federal Rule of Civil Procedure 8(c)(2), this Court has the discretion to redesignate the affirmative defenses in its initial answer as counterclaims.  Based on this Court's analysis under Federal Rule of Civil Procedure 16, the Court need not address the parties' arguments regarding Rule 8.

The Court is not persuaded that the potential prejudice to Hall Tank if the Court permits Byrant Power and Fuel Systems to file a counterclaim outweighs the potential hardship to Bryant Power and Fuel Systems if the Court denies permission to file the counterclaim.  Hall Tank does not dispute that the allegations in the proposed counterclaim are "nearly identical" to causes of action alleged against Hall Tank by Bryant Power and Fuel Systems in an action filed in California before the current action was filed (Dkt. No. 27, at 4).[2]  Further, Bryant Power and Fuel Systems raised allegations of fraud, breach of contract, and breach of warranty as purported affirmative defenses in the initial answer it filed in the current action (Dkt. No. 6, ¶¶ 33, 37-38). For these reasons, Hall Tank cannot claim surprise by the allegations in the counterclaim. Moreover, regardless if the counterclaim is permitted, any discovery conducted in this action likely will involve facts on which the counterclaim is based because these issues have been raised as purported affirmative defenses.   These issues likely will be inquired about during discovery and raised at trial, so judicial economy is served by permitting these counterclaims to be litigated in this action as opposed to requiring them to be brought in a separate, independent action.  The joint status report filed with the Court by the parties on November 15, 2012, states that discovery at that time was still in the early stages, which also indicates there would be little prejudice to Hall Tank if the counterclaim is permitted.

The Court acknowledges that this case is set for a bench trial on January 14, 2012, and that permitting the counterclaim to be filed now may necessitate a continuance and the issuance of a new scheduling order.  Hall Tank in its answer to the counterclaim requests a jury trial.  To date, the parties have not requested a continuance.

---

[2]  The parties represent to the Court that Hall Tank moved to dismiss the California action by claiming this Court is the exclusive venue for disputes between the parties and that the California action is not actively litigated, even though it remains pending.

IT IS THEREFORE ORDERED, separate defendant Bryant Power and Fuel Systems' motion for leave to file an amended answer and counterclaim is granted (Dkt. No. 26). Accordingly, Bryant Power and Fuel Systems is directed to file its amended answer and counterclaim within seven days of this Court's Order.  Plaintiff Hall Tank's motion to strike is denied as moot (Dkt. No. 16).

SO ORDERED this the ⎯12⎯ day of December, 2012.


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE