IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HALL TANK COMPANY, LLC                                                           PLAINTIFF

VS.                              CASE NO. 4:12-CV-39-KGB

BRYANT FUEL AND POWER SYSTEMS, INC. AND
BRYANT FUEL TECHNOLOGIES, INC.                                                   DEFENDANTS

**MOTION TO EXCLUDE EXPERT
TESTIMONY OF STEVE HAZEL**

Pursuant to Rules 701-703 of the Federal Rules of Evidence, plaintiff Hall Tank Company, LLC ("Hall Tank") moves to exclude certain opinions of defendants' damages expert, Steve Hazel, and for grounds states the following:

1. Defendant Bryant Fuel and Power Systems, Inc. ("Bryant Fuel") has retained Hazel as a damages expert. In that role, Hazel has submitted an original expert report and a supplemental expert report. He has also been deposed.

2. Hazel's damages opinions fall into three categories: (1) costs necessary to repair or replace rejected units; (2) lost opportunities; and (3) lost profits. In his supplemental report, Hazel added several "comments related to cost audit and lost profits." Some of the "comments" dealt with government contracting liability issues, while others merely summarized documents produced in the case.

3. Hazel's "cost audit" with regard to costs necessary to repair or replace rejected units is inadmissible because Hazel is simply passing along Bryant Fuel's damages calculations. The cost audit is also inadmissible because Hazel is doing nothing more than vouching for the accuracy of Bryant Fuel's damages calculation.

1212751-v1

4. Hazel's "comments" dealing with government contract issues are inadmissible because, by his own admission, Hazel is not an expert in government contracting and thus cannot offer liability opinions. His other comments summarizing documents are inadmissible because expert testimony is neither necessary nor permitted for the purpose of summarizing documents that the jury can read for itself.

5. The Court should enter an order prohibiting Hazel from offering this inadmissible testimony at trial.

6. Hall Tank supports this motion with the following:

    a. Exhibit 1, Original Expert Report;

    b. Exhibit 2, Supplemental Expert Report;

    c. Exhibit 3, Excerpts from the Deposition of Steve Hazel; and

    d. a contemporaneously filed memorandum brief.

WHEREFORE, plaintiff Hall Tank Company, LLC prays that the Court prohibit Hazel from offering the inadmissible testimony specified in this motion, along with all other proper relief.

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, AR  72201
        Telephone: 501-371-0808
        Fax:       501-376-9442
        Email:   kwilson@wlj.com

        By: /s/ Kyle R. Wilson
            Charles T. Coleman (80030)
            Kyle R. Wilson (89118)
            Gary D. Marts, Jr. (2004116)
            Michael A. Thompson (2010146)
            Seth R. Jewell (2011175)
            R. Aaron Brooks (2009145)
            *Attorneys for Hall Tank Company, LLC*

CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2014, a copy of the foregoing was filed and served on the following via the CM/ECF system:

    Byron Jansen Walker
    Russell P. Bailey
    ROSE LAW FIRM
    120 East Fourth Street
    Little Rock, AR 72201-2893

    Theodore P. Watson
    WATSON & ASSOCIATES, LLC
    925 South Niagara Street, Suite 600
    Denver, CO  80224

    Sharon Steele
    Wojciech Z. Kornacki
    WATSON & ASSOCIATES, LLC
    1629 K Street, N.W.
    Washington, D.C.  20006

        /s/ Kyle R. Wilson
        Kyle R. Wilson