IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **HALL TANK COMPANY, LLC** | **PLAINTIFF** |
| vs. | **CASE NO: 4:12-CV-39 KGB** |
| **BRYANT FUEL AND POWER SYSTEMS, INC. AND** | |
| **BRYANT FUEL TECHNOLOGIES, INC.** | **DEFENDANTS** |
| **BRYANT FUEL AND POWER SYSTEMS, INC.** | **COUNTERCLAIMANT** |
| vs. | |
| **HALL TANK COMPANY, LLC** | **COUNTER-DEFENDANT** |

### RESPONSE IN OPPOSITION TO HALL TANK COMPANY'S *MOTION* TO EXCLUDE TESTIMONY OF STEVE HAZEL

Defendants/Counter-Plaintiffs Bryant Fuel and Power Systems, Inc. ("Bryant Fuel") and Bryant Fuel Technologies, Inc. ("Bryant Technologies") (collectively, "Bryant"), pursuant to Local Rule 7.2(b), submit this *Statement in Opposition to Hall Tank Company's Motion to Exclude Expert Testimony of Steve Hazel* (Document 66, filed May 1, 2014) ("*Motion*").

The *Motion* should be denied to the extent it seeks to exclude Mr. Hazel's testimony as to the Bryant's damages because of costs allegedly incurred to correct units deemed unacceptable by the government due to alleged breaches of Hall's obligations on the several subcontracts at issue. To that extent, the *Motion* simply mischaracterizes the facts and circumstances underlying Mr. Hazel's original report dated May 31, 2013, copy attached hereto as Exhibit A (the "Report") and the supplemental report dated April 16, 2014, copy attached hereto as Exhibit B (the "Supplemental Report"), collectively, the ("Reports").

However, to the extent that Hall and its counsel object to certain comments that arguably go to issues of Hall's liability for costs incurred, the *Motion* does point out a matter that appears to have caused a bit of quite needless concern for Hall's counsel.  To the extent that the Reports contain what appear as statements of opinion on ultimate issues of liability that are not within the expertise of Mr. Hazel, it was never intended that Mr. Hazel would testify as to such matters that are clearly within the province of the jury to determine regarding liability.

Importantly, therefore, those comments bear absolutely no logical relationship to the requirements of admissibility of Mr. Hazel's intended expert testimony.  Hall's attempt to cast the Reports as inadmissible due to these "comments" is merely a red herring, having absolutely nothing to do with the validity of the data underlying the Reports and the manner in which the data were analyzed, compiled and summarized.

In particular, Hall's pretense that the Reports are merely an attempt to somehow lend credibility to the summary referred to in the *Motion* and Hall's *Brief* in support of the *Motion* (Document 67, filed May 1, 2014) is without merit.  In the first instance, the applicable rule provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

*Fed.R.Evid. 703*.

The Eighth Circuit recently has highlighted the primary considerations for admissibility of expert testimony.  ". . . [E]xpert testimony need not always be based on admissible facts or data.  Fed.R.Evid. 703.  However, expert testimony must be "the product of reliable principles

and methods. Fed.R.Evid. 702(c)." *Warger v. Shauers*, 721 F.3d 606, 612 (8th Cir. 2013)(*citations in original*).

The Reports and the anticipated testimony of Mr. Hazel conform precisely to Rule 703. The summary report initially provided to Mr. Hazel was prepared by Bryant's outside Certified Public Accountant ("CPA"). *Exhibit A, p. 4*. The same CPA later was involved with supplementing the data that Mr. Hazel analyzed to prepare the Supplemental Report, and it appears that the two professionals collaborated in the preparation of the supplemented Schedule 1. *Exhibit B, p. 3*. Hall does not—and cannot—argue that there is any impropriety with the principles and methodologies used to review, summarize and analyze the data, or to reach the ultimate conclusion as to aggregate cost-based damages.

An expert witness is permitted to use assistants in formulating his expert opinion, although an expert report that is merely a conduit for the opinion of a non-testifying expert must be excluded. *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.,* 285 F.3d 609, 612-613 (7th Cir.2002); *see also Malletier v. Dooney & Bourke, Inc.,* 525 F.Supp.2d 558, 664 (S.D.N.Y.2007).

However, where, as here, the expert was directly involved in the research, analysis or drafting of the report, even with substantial assistance from a colleague or associate, his involvement in and knowledge of the report are matters of weight, not admissibility. *Lee Valley Tools, Ltd. v. Industrial Blade Co.*, 288 F.R.D. 254, 84 Fed.R.Serv.3d 950 (W.D.N.Y. 2013).

Hall's improper strategy, to attempt to characterize the CPA's summaries as a "hearsay" basis for Mr. Hazel's testimony, is laid bare by the actual facts, which render the cases cited in the *Motion* wholly inapposite.

The Reports reflect that Mr. Hazel, albeit with the apparent assistance, collaboration or cooperation of the CPA, undertook his own independent review and analysis of the underlying

data and relevant communications, and reached his own conclusions as to what the data and information mean in terms of Bryant's damages.  *See Exhibit A, pp. 4-5; Exhibit B, p. 3*.

The logical practical conclusion of Hall's argument regarding Mr. Hazel having been provided with a summary is that no one would be able to testify as to the costs component of Bryant's aggregate damages.  The CPA could not testify because the CPA was not designated as an expert to testify to damages.  No lay person could testify because no lay person prepared the summary or conducted any damages analysis for purposes of this litigation.

It is Bryant's decision to use an outside CPA for obvious ordinary business reasons, such as internal and tax accounting.  It is Bryant's decision to retain a separate person to designate as an expert witness on all components of its damages.  The mere fact that these professional colleagues may have collaborated in reviewing the same data for presumably different purposes does not in any manner vitiate the validity and admissibility of the anticipated testimony of Mr. Hazel, based upon his own review and analysis of the data.

Hall's speculative pretense that Mr. Hazel would merely regurgitate the CPA's conclusions and/or try to enhance the credibility of another person's summary report is just that—mere pretense based upon an apparent need to cover for the fact that Hall has not designated any rebuttal expert to contradict Mr. Hazel's conclusions as to Bryant's aggregate damages.  The applicable law does not permit such subterfuge to substitute for substance.

**FOR THE ABOVE REASONS**, Bryant submits that the *Motion* is wholly without merit and hereby requests that the Court deny the same.

DATED:  May 15, 2014.

            Respectfully submitted,

            WATSON & ASSOCIATES

         Theodore P. Watson, Esq.
         Colorado Bar No: 34908
         925 S. Niagara St. Suite 600
         Denver, CO 80224
         720.941.7200 (tel)
         720.941.7201 (fax)
         watsont@theodorewatson.com

         By: <u>s/ Theodore P. Watson, Esq.</u>
           Colorado Bar No: 34908
           *Admitted Pro Hac Vice*

AND

         ROSE LAW FIRM
         Byron Jansen Walker (2002114)
         Russell P. Bailey (2011174)
         120 East Fourth Street
         Little Rock, AR 72201-2893
         (501) 377-0351
         Email: bwalker@roselawfirm.com

## CERTIFICATE OF SERVICE

  I hereby certify that on May 15, 2014, a copy of the foregoing was electronically filed with the Clerk of the court using CM/ECF system, which shall send notification of the filing to the following attorneys of record:

Kyle R. Wilson
kwilson@wlj.com
Gary D. Marts
gmarts@wlj.com
Charles T. Coleman
ccoleman@wlj.com
Seth R. Jewell
sjewell@wlj.com
Wright Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 77201

                 *s/ Nicole L. Carter*