IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HALL TANK COMPANY, LLC**                                                            **PLAINTIFF**

vs.                          **CASE NO:  4:12-CV-00039-KGB**

**BRYANT FUEL AND POWER SYSTEMS, INC. AND**
**BRYANT FUEL TECHNOLOGIES, INC.**                          **DEFENDANTS**

**BRIEF IN SUPPORT OF**
**HALL TANK COMPANY'S MOTION IN LIMINE NO. 1**
**(INSPECTION REPORTS AND EXPERT CAUSATION OPINIONS)**

## I.   INTRODUCTION

Bryant has attached to its counterclaim and produced in discovery a number of reports from third parties who allegedly inspected the goods Hall manufactured and delivered to Bryant.  These reports contain opinions that could only be offered by an expert witness, including as to the quality of the welds and Hall's compliance with industry standards.  However, in its expert witness disclosures and in response to an interrogatory specifically requesting the identity of its experts, Bryant disclosed only Steve Hazel, an accountant.  Bryant has provided no expert witness disclosures for anyone associated with the third parties who allegedly performed these inspections, nor has it ever supplemented its response to this interrogatory.  Thus, to the extent anyone associated with these third parties testifies at the trial of this matter, they should be allowed to testify only as lay witnesses.  These witnesses should be precluded from offering any of the expert opinions contained in these reports.

Further, the inspection reports themselves are hearsay, not subject to any exception. Thus, the reports are inadmissible. *See* Fed. R. Evid. 801-804. Accordingly, all evidence and argument regarding the contents of these reports—including the testimony and report of Steve Hazel[1]—should be excluded from the trial of this matter.

## II. STATEMENT OF FACTS

This lawsuit involves a series of contracts between Hall and Bryant in which Bryant purchased high-capacity aboveground fueling tanks and related equipment from Hall, which Bryant then sold to various governmental agencies. (Doc. No. 1, Compl., ¶ 7; Doc. No. 34, Counterclaim, ¶¶ 15, 16.) Five of these contracts (referred to as Pax River, Africom, Fort Bliss, LACSD, and NASA) are the subject of Hall's complaint and the breach of contract, breach of warranty, and fraud claims in Bryant's counterclaim. (Compl., ¶ 13; Counterclaim, Counts I-IX.)

In its initial disclosures, Bryant provided a number of reports from third parties allegedly retained to inspect the goods that Hall manufactured and delivered to Bryant. (*See* Ex. A, Bryant's Initial Disclosures.) Specifically, Bryant provided reports from (1) CAPE Environmental Management, Inc. ("CAPE") (regarding Pax River); (2) Vista Consultants, LLC ("VISTA") (same); (3) American X-Ray & Inspection Services, Inc. ("AXIS) (regarding Fort Bliss); and (4) Elite Inspection & Consulting, Inc. ("Elite") (regarding NASA). These reports are

---

[1] Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Hall adopts and incorporates by reference its motion to exclude the expert testimony of Steve Hazel and all materials submitted in support of that motion.

attached as Exhibits B-E, respectively, to Hall's motion. The AXIS and Elite reports were also attached to Bryant's counterclaim. (Doc. No. 34-5, Ex. E to Counterclaim, Axis Report; Doc. No. 34-9, Ex. I to Counterclaim, Elite Report.)

On July 12, 2013, Bryant provided responses to Hall's second set of interrogatories and requests for production. Interrogatory No. 4 requested the following:

> **INTERROGATORY NO. 4**: Please state the name, business address, home address, telephone number, and area of expertise of all experts whom you propose to call as witnesses at trial or whose opinions you intend to utilize at the trial of this matter in connection with you claims regarding the Contracts. For each expert, state the specific contract that forms the basis of their opinions, state the amount of compensation paid, the subject matter on which the expert is expected to testify, the expert's opinions and the factual basis for their opinions.

(Ex. F, Bryant's Responses to Second Discovery Requests, at 5-6.) Bryant responded by disclosing Steve Hazel, an accountant, as its only expert. (*Id.* at 6.) On that same date, Bryant served its expert witness disclosures. (Ex. G, Bryant's Expert Witness Disclosures.) Those disclosures likewise identified only Steve Hazel, whom Bryant disclosed as an expert "concerning damages suffered by Bryant Fuel." (*Id.*) Bryant has never supplemented its response to Interrogatory No. 4 in Hall's second set of discovery requests nor has it provided expert witness disclosures in any form for any witness associated with CAPE, Vista, AXIS, Elite, or any other third party who allegedly performed an inspection of the goods Hall manufactured and delivered to Bryant.

Under the Court's second amended final scheduling order, the deadline for case-in-chief expert disclosures, including reports, was January 31, 2014. (Doc. No.

58.) Likewise, the discovery deadline was April 16, 2014. (*Id.*) Trial in this matter is set for June 30, 2014. (*Id.*

### III. ARGUMENT

**A. Because they were not properly identified or disclosed as expert witnesses, the authors of the purported inspection reports cannot offer expert opinions.**

Under the federal discovery rules, a party must identify any expert witness he or she "may use at trial" and provide mandated disclosures regarding the expert's proposed testimony. Fed. R. Civ. P. 26(a)(2)(A), (B), (C). If a party does not timely identify and provide the required disclosures for an expert, that expert's testimony generally will not be admissible at trial, in support of or opposition to a motion, or for any other purpose:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). As the Eighth Circuit has explained, the purpose of this rule is to eliminate unfair surprise to the opposing party and to conserve judicial resources. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995). Thus, this rule "provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." *Id.* (quoting Fed. R. Civ. P. 37, advisory committee's note to 1993 amendments.) Accordingly, if a party fails to make full and timely expert witness disclosures, that witness's testimony should be excluded unless the

failure was either harmless or substantially justified. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

The same consequences flow from failing to answer an interrogatory requesting information regarding a party's experts. Thus, an available sanction for failure to answer an interrogatory is an order "prohibiting the disobedient party . . . from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Notably, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Now, to be clear, Hall does not believe that, as to Steve Hazel (Bryant's expert accountant), Bryant failed to satisfy its expert-witness disclosure requirements or to fully answer Hall's expert-witness discovery requests. Steve Hazel, however, is the only expert for whom Bryant has provided disclosures and the only expert identified in Bryant's discovery responses. (*See* Ex. G, Bryant's Expert Witness Disclosure; Ex. F, Bryant's Responses to Second Discovery Requests, at 6.) Hall has at all times presumed that these disclosures and responses are full and complete and therefore has had no need to seek supplementation from Bryant. Hall is now simply asking that Bryant be held to its disclosures and responses.

Bryant did not include any of the third parties who allegedly performed inspections on the tanks in its expert witness disclosures, nor did it identify any of them in its discovery responses. To the extent this was a failure—as noted, based on its expert witness disclosures and discovery responses, it appears that Bryant

only intends to offer the expert opinions of Steve Hazel—it was not substantially justified. Bryant's full compliance with the rules of discovery as to Hazel and the production of the inspection reports with its initial disclosures indicate that Bryant was fully aware of the deadlines in the court's scheduling order and had the ability to comply with those deadlines and the Rules of Civil Procedure. (Ex. A, Bryant's Initial Disclosures.) Moreover, the failure was not harmless. Hall has not identified a rebuttal expert on the issues of defects and causation in reliance on the fact that Bryant expressly told Hall in its discovery responses that it was calling only Hazel, an accountant identified as a damages expert. (Ex. F, Bryant's Responses to Second Discovery Requests, at 6.) Hall cannot now call an expert witness on these issues.

Thus, to the extent these third parties testify at all[2], they may only testify as lay witnesses. Lay witnesses may not offer an opinion "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The reports from these third parties, however, contain expert opinions. For example, the reports from CAPE appear to provide Richard Bailey's opinions as to whether the welds on the Pax River tank and containment basins satisfy "NACE RP-0178 and API 653 specifications." (*See, e.g.*, Ex. B, CAPE Report re "Tank 1", at 1.) Notably, Mr. Bailey has apparently been certified by both NACE International and the American Petroleum Institute in making these

---

[2] It is Hall's understanding that all of these third parties are outside of the subpoena power of the Court, and none of them have been deposed. Thus, Bryant may not have the ability to call any of these witnesses.

determinations. (*Id.*) Thus, it is evident from Mr. Bailey's report that his opinions are based on "scientific, technical, or other specialized knowledge." (*Id.*) The Vista (also regarding Pax River) and Elite (regarding NASA) inspection reports likewise provide subjective analyses of the quality of the welds on the tanks, and the Elite inspection report makes specific reference to compliance with industry standards, including "NACE RP-0178 requirements." (Ex. C, Vista Report; Ex. D, Elite Report.) Finally, the AXIS report purports to provide David Hayden's interpretation of an x-ray of pipe welded by Hall for the Fort Bliss contract. (*See* Ex. E, AXIS Report.) Thus, Hayden is essentially performing the same role as a radiologist in a personal injury case.

Accordingly, all of these inspection reports contain expert opinions that were not properly and timely disclosed or identified in discovery responses. Indeed, as noted above, Bryant's discovery responses expressly indicated that Bryant would not call anyone to offer these opinions, and those responses are both evasive and incomplete if Bryant in fact intended to call the authors of these reports. (Ex. F, Bryant's Responses to Second Discovery Requests, at 6.) Thus, to the extent Bryant calls any witnesses from CAPE, Vista, Elite, AXIS, or any other third party who allegedly performed an inspection of the goods at issue in this case, those witnesses should not be allowed to offer any expert testimony regarding the quality of the welds, Hall's compliance with industry standards, or other similar issues.

**B.     The inspection reports should be excluded as hearsay, not subject to any exception.**

The inspection reports themselves are hearsay.  *See* Fed. R. Evid. 801.  Specifically, these reports contain their authors' written assertions and could only be offered to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Indeed, Bryant has cited to some of these reports in its Counterclaim as proof of defects in the goods Hall manufactured and delivered to Bryant.  (*See, e.g.*, Doc. No. 35, Counterclaim, ¶¶ 43 (referring to the AXIS report), 59 (referring to the Elite report).)  Further, the reports are not within any category of statements defined as non-hearsay and are not subject to any exception.  *See* Fed. R. Evid. 801(d), 803, 804, 807.  Thus, these reports are inadmissible, and all evidence and argument regarding these reports must be excluded.  *See* Fed. R. Evid. 802.

Moreover, for the reasons stated in its motion to exclude the expert testimony of Steve Hazel (Doc. No. 66), Hazel should not be allowed to testify regarding the contents of these reports.  Specifically, Hazel is not qualified to offer opinions as to the presence of a defect or causation and could therefore serve only as an impermissible conduit for hearsay.  Accordingly, all evidence and argument regarding these inspection reports, including in testimony or reports from Steve Hazel, should be excluded.

## IV.     CONCLUSION

For the reasons stated above, the individuals who allegedly performed the subject inspections should be prohibited from offering any expert opinions, and all

evidence and argument regarding the inspection reports should be excluded from the trial of this matter.

                                        WRIGHT, LINDSEY & JENNINGS LLP
                                        200 West Capitol Avenue, Suite 2300
                                        Little Rock, AR  72201
                                        Telephone:  501-371-0808
                                        Fax:         501-376-9442
                                        Email:      kwilson@wlj.com

                                        By: /s/ Kyle R. Wilson
                                           Charles T. Coleman (80030)
                                           Kyle R. Wilson (89118)
                                           Gary D. Marts, Jr. (2004116)
                                           Michael A. Thompson (2010146)
                                           Seth R. Jewell (2011175)
                                           R. Aaron Brooks (2009145)
                                           *Attorneys for Hall Tank Company, LLC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2014, a copy of the foregoing was filed and served on the following via the CM/ECF system:

Byron Jansen Walker
Russell P. Bailey
ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201-2893

Theodore P. Watson
WATSON & ASSOCIATES, LLC
925 South Niagara Street, Suite 600
Denver, CO  80224

Sharon Steele
Wojciech Z. Kornacki
WATSON & ASSOCIATES, LLC
1629 K Street, N.W.
Washington, D.C.  20006

/s/ Kyle R. Wilson
Kyle R. Wilson